Sharon NEWTON–NATIONS, Manuela Gonzalez, Cheryl Bilbrey, Donald McCants, Hector Martinez, Anne Garrison, Dawn House, Dana Franklin, Edward Bonner, D.H., Jack Baumhardt, Manuel Esparza and Patricia Jones, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Anthony ROGERS, Director of the Arizona Health Care Cost Containment System, and Tommy Thompson, Secretary of the United States Department of Health and Human Services, in their official capacities, Defendants.

No. CIV 03–2506–PHX–EHC.

United States District Court,
D. Arizona.

March 19, 2004.

**510**

Martha Jane Perkins, National Health Law Program, Chapel Hill, NC, Sally Hart, Arizona Ctr for Disability Law, Tucson, AZ, Ellen Sue Katz, William E. Morris Institute for Justice, Phoenix, AZ, for Plaintiffs.

Logan T. Johnston, III, Esq, Johnston Law Offices PLC, Michael A. Johns, Esq, US Attorney's Office, Phoenix, AZ, Sheila Lieber, Esq, Diane Kelleher, US Dept of Justice, Washington, DC, for Defendants.

## ORDER

CARROLL, District Judge.

Pending before the Court is Plaintiffs' Motion for Class Certification. [Dkt. 12]. On February 12, 2004, Defendant Rogers filed a Response that did not oppose Plaintiffs' Motion. [Dkt. 21]. On February 13, 2004, Plaintiffs and Defendant Rogers filed a Stipulation that this action may proceed as a class action. [Dkt. 23]. On March 5, 2005, Defendant Thompson filed a Response to Plaintiffs' Motion. [Dkt. 33]. Plaintiffs' filed their Reply on March 8, 2004. [Dkt. 34].

**Background**

Plaintiffs allege that on October 1, 2003, Defendant Rogers, the director of the Arizona Health Care Cost Containment System, with the permission of Defendant Thompson, the Secretary of the U.S. Department of Health and Human Services, implemented the amended A.A.C. R9–22–711(D) and (E). [Dkt. 1, ¶ 2]. Plaintiffs allege that the amended rule "requires certain Medicaid-eligible Arizonans to pay copayments that exceed the limited, 'nominal' copayments authorized by the federal Medicaid Act." *Id.* Plaintiffs further allege that the amended rule "also allows health care providers to deny care and services to medicaid beneficiaries who are unable to pay the copayment, in violation of federal the Medicaid Act." *Id.*

On December 19, 2003, Plaintiffs filed a Complaint against Defendant Rogers and Defendant Thompson. [Dkt. 1]. The Complaint alleges that Defendant Thompson's action authorizing Arizona to implement copayments: (1) exceeded his authority provided for in 42 U.S.C. § 1315 and 1396*o*; (2) failed to comport to the protections required by 42 U.S.C. § 3515b; and (3) were done arbitrarily and capriciously. *Id.* The Complaint further alleges that: (1) Defendant Rogers' imposition of the copayments, via A.A.C. R9–22–711(D) and (E), is contrary to 42 U.S.C. § 1396*o*, and preempted by the Supremacy Clause of the U.S. Constitution; and that (2) Defendant Rogers violated the Due Process Clause the Fourteenth Amendment and 42 U.S.C. § 1396a(a)(3). *Id.*

On January 26, 2004, Plaintiffs filed a Motion for Class Certification and a Memoran-

dum in Support. [Dkt. 12; 13]. The Memorandum argues that Plaintiffs have satisfied all of the prerequisites to class certification. [Dkt. 13]; *See generally* FED.R.CIV.P.23. On February 13, 2004, Plaintiffs filed a Stipulation with Defendant Rogers that: (1) the requirements of FED.R.CIV.P. 23(a) and (b) have been met; and (2) to a defined class of "[a]ll Arizona Health Care Cost Containment System eligible persons in Arizona who have been or will be charged copayments pursuant to Arizona Administrative Code Amended Rule R9–22–711(E)." [Dkt. 23]. Defendant Thompson filed a Response on March 5, 2004, opposing Plaintiffs' Motion solely on the basis of the fourth requirement of FED.R.CIV.P.23(a)(4), which provides that "the representative parties will fairly and adequately protect the interests of the class." [Dkt. 33]; FED.R.CIV.P.23(a)(4).

**Plaintiffs' Motion**

■ The Supreme Court has held that "[t]he adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). "A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 625, 626, 117 S.Ct. 2231(internal quotation marks omitted). Further, the Ninth Circuit has held that "this circuit does not favor [the] denial of class certification on the basis of speculative conflicts." *Cummings v. Connell,* 316 F.3d 886, 896 (9th Cir.2003)*cert. denied* 539 U.S. 927, 123 S.Ct. 2577, 156 L.Ed.2d 604 (2003)(*citing Soc. Servs. Union, Local 535 v. County of Santa Clara,* 609 F.2d 944, 948 (9th Cir. 1979)); *see also Blackie v. Barrack,* 524 F.2d 891, 909 (9th Cir.1975).

■ Defendant Thompson's position that class certification should be denied is based on the argument that if Plaintiffs are successful in prohibiting the State of Arizona from recovering the copayments outlined in amended rule R9–22–711(E), the State "could decide not to cover certain medical services[,][ ] could tighten eligibility require-

ments for the expansion populations, causing some potential class members to lose coverage entirely[,] or [ ] could restrict the duration or frequency of covered services", which Defendant argues, could be detrimental to some class members. [Dkt. 33]. Further, Defendant Thompson argues that as the result of the detriment to some class members, a conflict between class members could arise in later stages of litigation, which would make class certification inappropriate. *Id.*

Defendant Thompson does not dispute Plaintiffs' contention that currently the named Plaintiffs sufficiently represent questions of law or fact common to the potential class and sufficiently represent the claims or defenses typical to those of the potential class. [Dkt. 33]. Defendant Thompson's argument for the denial of class certification, based on the allegation that a conflict may arise between potential class members, is speculative and does not demonstrate to the Court the existence of an actual conflict. *See Cummings* 316 F.3d at 896(finding "without some evidence of an actual conflict, the district court did not abuse its discretion by granting class certification."). After a review of Plaintiffs' Motion for Class Certification and Memorandum in Support [Dkt. 12; 13], the Stipulation between Plaintiffs and Defendant Rogers [Dkt. 23], and the Response filed by Defendant Thompson [Dkt. 33], the Court will grant Plaintiffs' Motion for Class Certification. [Dkt. 12].

The parties will be permitted to file a Motion to Decertify or a Motion to Amend the Class into appropriate subclasses if an actual conflict develops at a later stage in the litigation. *See Cummings,* 316 F.3d at 896.

**Certification**

In determining by order whether to certify a class action, appoint class counsel, or notice membership in a class FED.R.CIV.P.23(c) [1] provides in relevant part:

> (1)(B) An order certifying a class action must define the class and the class claims, issues, *or* defenses, and must appoint class counsel under Rule 23(g).
>
> (C) An order under Rule 23(c)(1) may be altered or amended before final judgment.

1. FED.R.CIV.P.23(c) was amended December 1, 2003. FED.R.CIV.P.23(c)

(2)(A) For any class certified under Rule 23(b)(1) or (2), the court may direct appropriate notice to the class.

Fed.R.Civ.P.23(c)(emphasis added).

### 1. The Class

After considering the Stipulation filed between Plaintiffs and Defendant Rogers, and considering that the Court granted Plaintiffs' Motion for Class Certification in the preceding discussion, the Court will define the class as: "[a]ll Arizona Health Care Cost Containment System eligible persons in Arizona who have been or will be charged copayments pursuant to Arizona Administrative Code Amended Rule R9–22–711(E)." *See* [Dkt. 23].

### 2. The Class Claims and Issues

Pursuant to Fed.R.Civ.P.23(c)(1)(B), the Court will define the class claims and issues as alleged in Plaintiffs' Complaint. As to Defendant Thompson, the claims and issues in this case are whether or not he authorized Arizona to implement copayments, and if so, whether or not Defendant Thompson: (1) exceeded the authority provided for in 42 U.S.C. § 1315 and 1396o; (2) failed to comport protections required by 42 U.S.C. § 3515b; and (3) acted arbitrarily and capriciously. As to Defendant Rogers, the claims and issues in this case are whether or not: (1) his imposition of copayments via Amended Arizona Rule, A.A.C. R9–22–711(D) and (E), is contrary to 42 U.S.C. § 1396o, and is preempted by the Supremacy Clause of the U.S. Constitution; and whether or not (2) he violated the Due Process Clause of the Fourteenth Amendment, and 42 U.S.C. § 1396a(a)(3). [Dkt. 1].

### 3. Appointment of Class Counsel

Plaintiffs' Memorandum in Support of their Motion for Class Certification lists a sample of cases in which Plaintiffs' counsel acted as lead counsel. [Dkt. 13]. These case citations reflect Plaintiffs' counsel has participated in class action cases in the past and litigation involving Medicaid beneficiaries. *Id.* After a review of Plaintiffs' Memorandum [Dkt. 13], the Stipulation between Plaintiffs and Defendant Rogers [Dkt. 23], and that

Defendant Thompson did not Object to the appointment of Plaintiffs' counsel, pursuant to Fed.R.Civ.P.23(g), the Court will appoint the Arizona Center for Disability Law, through Sally Hart; the William E. Morris Institute for Justice, through Ellen Katz; and the National Health Law Program, through Jane Perkins, to serve as class counsel.

### 4. Appropriate Notice to the Class

After balancing the risk that notice costs may deter the pursuit of class relief against the benefits of notice, and after considering that Plaintiffs seek only injunctive and declaratory relief, the Court will not direct notice of certification to the class at this time. Fed.R.Civ.P.23(c)(1)(2)(A) (2003 advisory committee's notes). The Court will direct notice to the class in the Court's Order ruling on Plaintiffs' Motion for a Preliminary Injunction. *See* [Dkt. 10].

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Class Certification [Dkt. 12] is **GRANTED**, and that the class is defined as "all Arizona Health Care Cost Containment System eligible persons in Arizona who have been or will be charged copayments pursuant to Arizona Administrative Code Amended Rule R9–22–711(E)." The parties may file a Motion to Decertify or a Motion to Amend the Class into appropriate subclasses if an actual conflict develops at a later stage in the litigation.

**IT IS FURTHER ORDERED** that as to Defendant Thompson, the class claims and issues are defined as follows:

Whether or not Defendant Thompson authorized Arizona to implement copayments, and if so, whether or not Defendant Thompson:

(1) exceeded the authority provided for in 42 U.S.C. § 1315 and 1396o; and

(2) failed to comport protections required by 42 U.S.C. § 3515b; and

(3) acted arbitrarily and capriciously.

**IT IS FURTHER ORDERED** that as to Defendant Rogers, the class claims and issues are defined as follows:

Whether or not:

(1) Defendant Rogers' imposition of copayments via Amended Arizona Rule, A.A.C. R9–22–711(D) and (E), is contrary to 42 U.S.C. § 1396o, and is preempted by the Supremacy Clause of the U.S. Constitution; and whether or not

(2) Defendant Rogers violated the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1396a(a)(3).

**IT IS FURTHER ORDERED** appointing the Arizona Center for Disability Law, through Sally Hart; the William E. Morris Institute for Justice, through Ellen Katz; and the National Health Law Program, through Jane Perkins, to serve as class counsel.